# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| HARLEM AMBASSADORS PRODUCTIONS, INC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17-cv-3609 |
| DORON LOWE, AND BRITTANY DORSEY, | ) ) ) ) | Judge Thomas M. Durkin |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harlem Ambassadors Productions, Inc., ("Harlem Productions") sued four defendants, including defendant Brittany Dorsey, alleging claims for breach of contract, tortious interference with business relations, misappropriation of trade secrets, defamation, and conspiracy. On December 14, 2017, the Court entered an order dismissing in part and granting in part the defendants' various motions to dismiss. R. 31. The Court will assume familiarity with that opinion as relevant background here. On June 28, 2018, pro se defendant Dorsey filed a counterclaim alleging three causes of actions—(1) breach of contract; (2) "pain and suffering"; and (3) defamation. Before the Court is Harlem Production's Rule 12(b)(6) motion to dismiss that counterclaim. For the reasons explained below, Harlem Production's motion is denied in part and granted in part.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir.

2009). The legal standard for a motion to dismiss a counterclaim is the same as the standard applied to a motion to dismiss a complaint. *See Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1067 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

## DISCUSSION

In her counterclaim, Dorsey alleges she was a former coach, road manager, announcer, and show woman of the Harlem Ambassadors. She lists three separate

causes of action, but as explained below, Dorsey pleads only a breach of contract claim and a defamation claim. The Court will address each in turn.

### A. Breach of Contract

In the breach of contract claim, Dorsey alleges she had a contract with Harlem Productions for the 2012-2013 and 2015-2016 show years. Under her performer agreement, Harlem Productions agreed to pay Dorsey $3,000 per month. R. 49 at 6. If Dorsey renewed the agreement, she was entitled to receive $3,500 for the following year. *Id*. at 9. In the counterclaim, Dorsey alleges she often received payments late or did not receive the full amount. *Id*. at 2. Dorsey attaches a number of exhibits to support these allegations, including bank account statements that showed she received less than $3,000 a month. *Id*. at 15-21. She also attaches various emails between her and Harlem Productions' owner, Dale Moss, in which she indicates the company did not have enough funds to pay her and other performers their agreed-upon salaries or their hotel room fees, gas charges, and other expenses while traveling for performances. *Id*. at 23-31. Dorsey often served as a messenger between the owner and the other performers when the performers questioned the status of their pay and the lack of funds to pay their expenses. *Id*.

Harlem Productions moves to dismiss Dorsey's claim, arguing that the contract only agreed to pay Dorsey $3,000 per month and did not specify which days of the month she would be paid. R. 57 at 3. It argues that payments made a day later, or even earlier, than Dorsey hoped are not breaches of the contract. While the Court agrees that Dorsey's allegations that she was paid later than she anticipated are not

violations of the performer agreement, Dorsey plausibly alleges she was not paid the full $3,000 in some months. *See* R. 49 at 2 ("Dale failed to make the installment payment of $1,750 due on February 22,2017. Instead he made an installment payment of $1,348.95. . . .Dale Moss verbally agreed to pay me for the entire month of May upon completion of the 2017 tour. Last minute, he decided against it and only paid me $903.20 on May 22, 2017."). In her response to Harlem Production's motion to dismiss, Dorsey confirms that at times she was paid less than the agreed $3,000 per month and was not reimbursed when she used her own funds to purchase hotel rooms, fuel, and other expenses. R. 65 at 2.

The Court finds that these allegations, construed liberally,[1] plausibly allege Harlem Productions breached the performer agreement by failing to pay Dorsey the agreed upon monthly payments. Harlem Productions' motion to dismiss on that basis is denied.

**B. Defamation**

Dorsey's second and third causes of action are titled "pain and suffering" and "defamation." In response to the motion to dismiss, Dorsey acknowledges that she "misarticulated" her pain and suffering claim, and intended it to reflect an emotional distress claim resulting from the lawsuit. R. 65 at 2. The defamation claim alleges Harlem Productions defamed Dorsey by filing this lawsuit. R. 49 at 4. The Court will

---

[1] *Pro se* complaints are to be construed more liberally than others, and this liberal construction relates to both the *pro se* plaintiff's factual allegations and her legal theories. *See White v. City of Chicago*, 2016 WL 4270152, at *13 (N.D. Ill. Aug. 15, 2016).

4

construe Dorsey's "pain and suffering" claim as a request for damages resulting from the emotional distress this lawsuit caused her as part of her defamation claim. Dorsey's "pain and suffering" claim is dismissed as a stand-alone claim.

Harlem Productions moves to dismiss Dorsey's defamation claim because it is barred by the litigation privilege. The Court agrees. Statements made in a legal proceeding are privileged against defamation actions. *Mitchell v. Plano Police Dep't*, 2017 WL 4340118, at *6 (N.D. Ill. Sept. 29, 2017) (dismissing defamation complaint and recognizing that "false statements made in a legal proceeding are absolutely privileged against defamation actions"); *Scheib v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994) ("[I]n Illinois . . . anything said or written in a legal proceeding . . . is protected by an absolute privilege against defamation actions."); *Weiler v. Stern*, 67 Ill. App. 3d 179, 181 (Ill. App. Ct. 1978) (under Illinois law, "[a]bsolute privilege in defamation actions protects anything said or written in a legal proceeding, so long as it is pertinent and material to the matter in controversy."). Dorsey's defamation claim is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff Harlem Productions' motion to dismiss, R. 57, is denied as to the breach of contract claim but granted as to the "pain and suffering" and defamation claims.

ENTERED:

*Thomas M Durkin*

\------------------------------------------

Dated: October 9, 2018

Honorable Thomas M. Durkin
United States District Judge

5